[No. 4544.  Decided March 16, 1903.]

OLIVER W. SHEAD, *Appellant,* v. J. A. MOORE, *Respondent.*

APPEAL—REVIEW OF FINDINGS OF TRIAL COURT.

The supreme court is not bound by the findings of the trial court upon conflicting evidence, especially in a case where the greater part of the testimony is in the shape of depositions.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Reversed.

*George E. Wright,* for appellant.

*Smith & Cole,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought by one of three joint makers of a promissory note against another maker to enforce contribution. The note was executed by the defendant J. A. Moore, together with George W. Grover and W. O. Grover. Upon its maturity it was paid by the estate of W. O. Grover, who had deceased since making the note. Plaintiff is the assignee of the estate of W. O. Grover. The complaint alleged the insolvency of George W. Grover, and demanded judgment against the defendant, Moore, for one-half the amount paid by the estate of W. O. Grover, together with interest. The answer alleged affirmatively as a defense that Moore signed the note as a surety only. The case was tried before the court, which, after hearing the testimony, found that the note was signed by the defendant as a surety only, without consideration, and dismissed the action, awarding costs to the respondent. Plaintiff excepted to

the findings of fact, 'and proposed findings to the effect that the defendant ¦signed the note as a maker thereof, and for a valuable consideration moving to him, and from the action of the court¦ in dismissing the cause this appeal is taken.

It is not necessary for the purposes of this opinion to enter into a history of the circumstances and conditions leading up to ¦the making of this note. The testimony in the case is not very extensive, but is exceedingly contradictory, the defendant testifying positively that he signed the note as surety only, that he signed after both George W. Grover and W. O. Grover had signed, and that he placed his signature on the note above the ¦other signatures for the reason that there was not room on the note to sign below the signatures of the Grovers. This testimony is in a measure corroborated by the deposition of witness Fogg. On the other hand, George W. Grover testified positively that 'defendant, Moore, signed the note first, that he himself signed next, and that W. O. Grover signed last; that W. O. Grover did not sign until he (George W. Grover) took the note from Boston, where he and Moore had signed it, to Beverly, several miles from Boston, where W. O. Grover resided; and that the said W. O. Grover, after ¦noticing the names on the note, signed it without comment. This testimony comports with the face of the note.

It is insisted by the respondent that this court will be bound by the findings of the lower court. But, while the judgment of the trial court, who had opportunity to see the witnesses on the stand, will be given due consideration, it will not be controlling, and this court must, of necessity, weigh the testimony. Especially is this true where, as in this case, the greater part of ¦the testimony is by depo-

sition. The testimony of the two witnesses who were parties to the transaction being conflicting, such testimony will have to be considered in connection with other circumstances surrounding the case. While it is probably true that the location of a signature on a note does not determine whether it is the signature of a surety or maker, it is doubtless the common practice for the maker of a note to affix his signature to the note first, the signature of the surety following; and this is a circumstance to be considered in determining the status of the signers. Again, so far as this note indicates, all the parties are makers, and it is a joint and several note.

It is contended by the appellant that, when submitted to the test of a magnifying glass, it is plainly observable that the signature of Moore was written before that of the next signer, George W. Grover, it appearing that a portion of the capital "G", the first letter in the word "Grover", overlaps and spreads over the first letter of "o" in Moore's signature; and witnesses, who showed some experience in reading and detecting signatures and who were entirely disinterested, testified that the name Grover must necessarily have been written after the name Moore was written. It appears to us also, without any reasonable doubt, that such is the case. It is true, no doubt, that the chemical qualities of ink differ—that some inks fade and are absorbed sooner than others—so that we do not regard the appearance in that respect as absolute proof; but to our minds it is a strong indication, and a circumstance to be considered in the cause. As we have before indicated, the location of the signature is not conclusive of the legal responsibility of the signer; but the determination of the question in this case is important as affecting the credibility of the witnesses,

there being direct conflict in the testimony on this particular point. We think there is sufficient consideration shown by the whole record, and that the respondent has failed to overcome by clear and convincing testimony the presumption established by the face of the note that he is a maker for a consideration.

The judgment will therefore be reversed, and the cause remanded, |with| instructions to the lower court to grant the relief prayed for in the complaint.

FULLERTON, C. J., and HADLEY, ANDERS and MOUNT, JJ., concur.